UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL T. KERN, | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTURA HEALTH CORPORATION | )   Case No. |
| d/b/a ST. ROSE AMBULATORY & | ) |
| SURGERY CENTER; and KINDRED | ) |
| HEALTHCARE, INC., | ) |
| | ) |
|         Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff MICHAEL T. KERN alleges and states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff MICHAEL T. KERN resides in Ellinwood, Barton County, Kansas. He is a resident of Kansas.

2. Defendant CENTURA HEALTH CORPORATION d/b/a ST. ROSE AMBULATORY & SURGERY CENTER (hereinafter "Centura") is a Colorado corporation. It is authorized to and does conduct business in the State of Kansas, including doing business as ST. ROSE AMBULATORY & SURGERY CENTER, located in Great Bend, Barton County, Kansas. CENTURA's resident agent is Registered Agent Solutions, Inc., 2101 SW 21st Street, Topeka, KS 66604. Defendant CENTURA may be served through its resident agent.

3. At all times material, defendant CENTURA had its employ, or subject to its control, direction and supervision of health care personnel, and other staff, including physical therapists and physical therapist assistants. The negligence of such employees and agents is likewise the negligence of defendant CENTURA, thus making defendant CENTURA liable

HUTTON
& HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com

under respondeat superior for the negligent acts and omissions of its employees and agents done within the scope of their employment and agency.

4. Defendant KINDRED HEALTHCARE, INC. (hereinafter "Kindred") is a Kentucky corporation. At all times material hereto, it was authorized to and did conduct business in the State of Kansas. KINDRED's registered agent is C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. Defendant KINDRED may be served through its registered agent.

5. At all times material, defendant KINDRED had its employ, or subject to its control, direction and supervision, health care personnel, and other staff, including physical therapists and physical therapists assistants. The negligence of such employees and agents is likewise the negligence of defendant KINDRED, thus making defendant KINDRED liable under respondeat superior for the negligent acts and omissions of its employees and agents done within the scope of their employment and agency.

6. Pursuant to the notice provisions of K.S.A. 40-3409, copy of this Complaint has been mailed by Certified U.S. Mail to Rita L. Noll, Attorney for the Board of Governors, Kansas Health Care Stabilization Fund, 300 S.W. 8th Street, 2nd Floor, Topeka, Kansas 66603. The original return receipt to be filed of record.

7. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

8. Jurisdiction of this Court is based on 28 USC 1332(a).

9. The Court has proper venue pursuant to 28 USC 1391.

HUTTON
& HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com

**STATEMENT OF FACTS**

Plaintiff hereby adopts by reference paragraphs one through nine (1-9) and, in addition, states and alleges:

10. Plaintiff Kern is a 54 year-old married, insulin dependant diabetic who underwent a total knee replacement on November 7, 2012.

11. On November 12, 2012, Mr. Kern began receiving outpatient physical therapy treatment at St. Rose Ambulatory & Surgery Center following the knee operation.

12. Part of his physical therapy regimen included the use of an Interferential Current Therapy (IFC) machine that produces electrical currents, which pass through electrodes that are placed on the patient, providing electrical stimulation. This is also known as ESTIM therapy.

13. On November 28, 2012, while undergoing an IFC treatment at St. Rose Ambulatory & Surgery Center, Mr. Kern notified the physical therapy assistant (PTA), Kristin Teel, that one of the electrodes was burning his leg.

14. The medical records indicate the PTA stopped the treatment, removed the electrode, and noted a burn beneath the electrode.

15. The IFC machine at issue is owned by defendant Centura.

16. The PTA, Kristin Teel, is an employee of defendant Kindred Healthcare, Inc. and an actual or ostensible agent of Centura, d/b/a St. Rose Ambulatory & Surgery Center.

17. On the afternoon of November 28, 2012, Mr. Kern presented to his family practice physician to have the burn examined. The physical examination revealed a 1 ½ by ½ inch high ulcerated area with surrounding erythema. A progress note dictated the following day noted "second to third degree burns from the ESTIM therapy."

HUTTON
& HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com

18. Mr. Kern again presented to his family practice physician on December 3, 2012, because the burn was not healing. The progress note states that "today it's looking really worse and not getting any better and starting to get red and kind of painful. . . . Exam of his leg shows that the burn on the lateral side of the leg has grown in size. It's about 1.5 inches, but it has surrounding erythema, kind of warm to touch and not doing as well as it was. Then the same goes with the right medial aspect. It's erythematous and getting kind of an infective look about it."

19. On December 6, 2012, when the wound was still not healing, his family practice physician prescribed IV Vancomycin, an antibiotic frequently used to treat bacterial infections.

20. The burn continued to cause Mr. Kern problems through the remainder of the year. His records indicate he saw his family practice physician on December 6, 10, 14, 17, and 26, 2012, for treatment of his burn.

21. On January 2, 2013, five weeks after being burned, his family practice physician sent Mr. Kern to a surgeon for wound care "because he is a diabetic and because it's not healing."

22. On January 8, 2013, Mr. Kern saw a burn specialist who recommended continued, daily dressing changes.

23. The records indicate Mr. Kern was treated for wound washing and dressing changes up through January 25, 2013, nearly two months after being burned.

24. Mr. Kern has experienced a prolonged and difficult course of recovery since suffering his burn, as well as physical and emotional injuries and permanent scarring and disfigurement.

HUTTON
& HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com

# FIRST CLAIM
### *Medical Negligence of Defendant Centura*

Plaintiff incorporates herein each and every allegation in paragraphs one through twenty-four (1-24) above and, in addition, alleges and states:

25. At all times material, defendant CENTURA had its employ, or subject to its control, direction and supervision of health care personnel, and other staff, including physical therapists and physical therapist assistants. The negligence of such employees and/or actual or ostensible agents is likewise the negligence of defendant CENTURA, thus making defendant CENTURA liable under respondeat superior for the negligent acts and omissions of its employees and agents done within the scope of their employment and agency.

26. In addition to the allegations set forth above, defendant Centura was negligent in the following areas:

   a. Failing to properly maintain, repair and/or set safe power limitations and intensity levels on the IFC machine used on Mr. Kern; and

   b. Failing to provide a safe and operational IFC machine for the treatment of its patients.

27. Defendant Centura was otherwise negligent in its treatment of plaintiff and as a direct result of its negligence, plaintiff sustained burn injuries to his left leg.

WHEREFORE, plaintiff Michael T. Kern prays for damages against defendant CENTURA in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs incurred herein and any other relief the Court deems just and equitable.

HUTTON
& HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com

## SECOND CLAIM
### *Medical Negligence of Defendant Kindred*

Plaintiff incorporates herein each and every allegation in paragraphs one through twenty-seven (1-27) above and, in addition, alleges and states:

28. At all relevant times, PTA Kristin Teel, was an agent and/or employee of defendant Kindred, and was acting within the scope of her agency or employment with defendant Kindred, thereby causing defendant Kindred to be vicariously liable to plaintiff for all acts and negligence of Kristin Teel, including causing a burn to Mr. Kern's leg, and all damages resulting therefrom.

29. In addition to the allegations set forth above, defendant Kindred was negligent in exercising ordinary care. Its negligence included, but was not limited to:

   a. Failing to properly train and supervise Kristin Teel in the safe operation of the pertinent IFC machine; and

   b. Failing to establish proper procedures, protocols or rules for the monitoring of IFC treatment to ensure the safe delivery of electrical stimulation.

30. Defendant Kindred was otherwise negligent in its treatment of plaintiff and as a direct result of its negligence, plaintiff sustained burn injuries to his left leg.

WHEREFORE, plaintiff Michael T. Kern prays for damages against defendant Kindred in an amount in excess of seventy-five thousand dollars ($75,000.00), together with costs incurred herein and any other relief the Court deems just and equitable.

## THIRD CLAIM
### *Loss of Consortium*

Plaintiff adopts by reference paragraphs one through thirty (1-30) and, in addition, states:

HUTTON
& HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com

31. Shelly Dawn Kern is the wife of Michael Kern.

32. As a direct result of the injuries and damages of plaintiff Kern, Shelly Dawn Kern has sustained damages for, but not limited to, loss of society, companionship and comfort, loss of marital care, attention, advice and counsel, and other pecuniary damages.

33. Shelly Dawn Kern's losses are vested in plaintiff Kern.

34. As a further result of Shelly Dawn Kern's losses, plaintiff Kern has sustained damages in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiff renews his prayer for damages against the defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), together with his costs incurred herein and any other relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the location of the trial of this matter be Wichita, Kansas.

Respectfully submitted,

HUTTON & HUTTON

s:/Daniel K. Back
Anne M. Hull, #14436
Daniel K. Back, #23192
8100 E. 22nd Street North, Bldg. 1200
Wichita, KS 67226
Phone: (316) 688-1166
Fax:   (316) 686-1077
E-mail: daniel.back@huttonlaw.com

*Attorneys for Plaintiff*

HUTTON & HUTTON

Tallgrass Exec. Park
8100 E. 22nd Street N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

(316) 688-1166
(316) 686-1077 (*fax*)
www.huttonlaw.com